COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-06-385-CV

 

MARY
NEELY                                                                      APPELLANT

 

 

V.

 

 

 

PETRO
STOPPING CENTERS, L.P.                                             
APPELLEE



 

 

                                              ------------

 

             FROM THE 415TH
DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Mary Neely appeals a summary judgment
entered in favor of Appellee Petro Stopping Centers, L.P. (APetro@) on her
premises liability claim.  Because no
evidence exists on an essential element of Neely=s
premises liability claimCthat Petro had actual or
constructive knowledge of the alleged dangerous conditionCwe will
affirm.

Neely tripped inside the store at a truck stop
owned and operated by Petro and suffered personal injuries.  She filed a premises liability and negligence
suit against Petro.[2]  Neely claimed that she tripped over a brown
duffel bag located on the floor that was hidden partially under a folding table
and partially under a clothes rack but that was also partially extending into
an aisle.  








Petro filed a combined no-evidence and
traditional motion for summary judgment asserting that it had no actual or
constructive knowledge that the duffel bag was on the floor or was extending
into an aisle.  See Keetch v.
Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992) (setting forth elements of
premises liability claim, including element that the premises owner possessed
actual or constructive knowledge of a condition on its premises that posed an
unreasonable risk of harm).  In
the trial court and on appeal, Neely points to evidence that (1) there was
little traffic in the store at the time she arrived, (2) she had been inside
the truck stop for five to ten minutes when she fell, (3) the truck stop=s cash
registers were located ten to fifteen feet away from where she tripped, (4) the
duffel bag was visible from the location of the cash registers and should have
been seen by the cashiers, and (5) truck stop employees Aknew
truckers were leaving their possessions such that they protruded into the
aisles through which customers walked@ as
raising a genuine issue of material fact on the actual or constructive
knowledge element of her premises liability claim.  The trial court granted summary judgment in
favor of Petro, and Neely timely appealed. 

When a party moves for summary judgment under
both rules 166a(c) and 

166a(i), we will first review the trial court=s
judgment under the standards of rule 166a(i). 
Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004).  After an adequate time for discovery, the
party without the burden of proof may, without presenting evidence, move for
summary judgment on the ground that there is no evidence to support an
essential element of the nonmovant=s claim
or defense.  Tex. R. Civ. P. 166a(i). 
The motion must specifically state the elements for which there is no
evidence.  Id.; Johnson v. Brewer
& Pritchard, P.C., 73 S.W.3d 193, 207 (Tex. 2002).  The trial court must grant the motion unless
the nonmovant produces summary judgment evidence that raises a genuine issue of
material fact.  See Tex. R. Civ. P. 166a(i) & cmt.; Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).








When reviewing a no-evidence summary judgment, we
examine the entire record in the light most favorable to the nonmovant,
indulging every reasonable inference and resolving any doubts against the
motion.  Sudan v. Sudan,  199 S.W.3d 291, 292 (Tex. 2006).  If the nonmovant brings forward more than a
scintilla of probative evidence that raises a genuine issue of material fact,
then a no-evidence summary judgment is not proper.  Moore v. K Mart Corp., 981 S.W.2d 266,
269 (Tex. App.CSan Antonio 1998, pet. denied). 

Here, Neely was required to produce summary
judgment evidence raising a genuine issue of material fact that Petro possessed
actual or constructive knowledge of the duffel bag and its purportedly
dangerous position on the floor.  See
Tex. R. Civ. P. 166a(i) &
cmt.; Grant, 73 S.W.3d at 215; Keetch, 845 S.W.2d at 264.  Neely could satisfy this burden by producing
summary judgment evidence raising a genuine issue of fact as to whether (1)
Petro placed the duffel bag on the floor, (2) Petro possessed actual knowledge
that the duffel bag was on the floor, or (3) it is more likely than not that
the duffel bag was on the floor, extending into the aisle long enough to give
Petro a reasonable opportunity to discover it upon reasonable inspection.  See Wal‑Mart Stores, Inc. v.
Reece, 81 S.W.3d 812, 814 (Tex. 2002); CMH Homes, Inc. v.
Daenen, 15 S.W.3d 97, 102-03 (Tex. 2000); Wal‑Mart Stores, Inc. v.
Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998).













No summary judgment evidence exists that Petro
placed the duffel bag on the floor or possessed actual knowledge that it was
there.  Concerning whether the duffel bag
was on the floor, partially hidden by the folding table and the clothes rack
and extending into the aisle for a long enough period of time that Petro had a
reasonable opportunity to discover it upon inspection, Neely produced summary
judgment evidence that, viewed in the light most favorable to her, would
establish that the duffel bag was on the floor extending into the aisle for the
entire five to ten minutes that Neely was inside the truck stop.  This summary judgment evidence alone is not
sufficient to raise a genuine issue of material fact on the actual or constructive
knowledge element of Neely=s
premises liability claim.  See Reece,
81 S.W.3d at 816 (recognizing that some dangerous conditions are less
conspicuous than others, but all require proof of how long the hazard has been
there); CMH Homes, Inc., 15 S.W.3d at 101-03 (holding core of premises
owner=s duty
is to protect from dangerous condition actually known or apparent on reasonable
inspection).  Here, no evidence exists
that aisle inspections were required every five to ten minutes or that it would
have been reasonable to do so.  Although
there was evidence that a person Awould
have been able to see@ the duffel bag if they had Alook[ed]
down kind of off to the side and down,@ even
Neely testified that she was Anot for
sure@ that
the duffel bag could have been seen upon a reasonable inspection.  

Examining the entire record in the light most
favorable to Neely, and indulging every reasonable inference and resolving any
doubts against Petro=s motion, we hold that a
no-evidence summary judgment in favor of Petro was proper because Neely failed
to produce more than a scintilla of probative evidence raising a genuine issue
of material fact that Petro had actual or constructive knowledge of the alleged
dangerous condition.  See Sw. Elec.
Power Co., 73 S.W.3d at 215.  We
therefore overrule Neely=s second issue.  Because the trial court correctly granted
Petro=s
no-evidence motion for summary judgment, we need not address Neely=s first
issue, which challenges the granting of Petro=s
traditional motion for summary judgment. 
Reece, 81 S.W.3d at 816; see also Tex. R. Civ. P. 47.1. 
We affirm the trial court=s
judgment.

 

SUE
WALKER

JUSTICE

 

PANEL B:  LIVINGSTON, WALKER, and McCOY, JJ.

 

DELIVERED: April 19, 2007











[1]See Tex. R. App. P. 47.4.





[2]Neely does not challenge
the summary judgment entered on her negligence claim.