COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-385-CV

MARY NEELY APPELLANT

V.

PETRO STOPPING CENTERS, L.P.                                              APPELLEE

------------

FROM THE 415
TH
 DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Mary Neely appeals a summary judgment entered in favor of Appellee Petro Stopping Centers, L.P. (“Petro”) on her premises liability claim.  Because no evidence exists on an essential element of Neely’s premises liability claim—that Petro had actual or constructive knowledge of the alleged dangerous condition—we will affirm.

Neely tripped inside the store at a truck stop owned and operated by Petro and suffered personal injuries.  She filed a premises liability and negligence suit against Petro.
(footnote: 2)  Neely claimed that she tripped over a brown duffel bag located on the floor that was hidden partially under a folding table and partially under a clothes rack but that was also partially extending into an aisle.  

Petro filed a combined no-evidence and traditional motion for summary judgment asserting that it had no actual or constructive knowledge that the duffel bag was on the floor or was extending into an aisle.  
See
 
Keetch v. Kroger Co.
, 845 S.W.2d 262, 264 (Tex. 1992) (setting forth elements of premises liability claim, including element that the premises owner possessed actual or constructive knowledge of a condition on its premises that posed an unreasonable risk of harm). 
 In the trial court and on appeal, Neely points to evidence that (1) there was little traffic in the store at the time she arrived, (2) she had been inside the truck stop for five to ten minutes when she fell, (3) the truck stop’s cash registers were located ten to fifteen feet away from where she tripped, (4) the duffel bag was visible from the location of the cash registers and should have been seen by the cashiers, and (5) truck stop employees “knew truckers were leaving their possessions such that they protruded into the aisles through which customers walked” as raising a genuine issue of material fact on the actual or constructive knowledge element of her premises liability claim.  The trial court granted summary judgment in favor of Petro, and Neely timely appealed.
 

When a party moves for summary judgment under both rules 166a(c) and 

166a(i), we will first review the trial court’s judgment under the standards of rule 166a(i).  
Ford Motor Co. v. Ridgway, 
135 S.W.3d 598, 600 (Tex. 2004).  
After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant’s claim or defense.  
Tex. R. Civ. P.
 166a(i).  The motion must specifically state the elements for which there is no evidence.  
Id.; Johnson v. Brewer & Pritchard, P.C., 
73 S.W.3d 193, 207 (Tex. 2002).  The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.  
See
 
Tex. R. Civ. P.
 166a(i) & cmt.; 
Sw. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002).

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion.  
Sudan v. Sudan,
  199 S.W.3d 291, 292 (Tex. 2006).  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper.  
Moore v. K Mart Corp.
, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied). 

Here, Neely was required to produce summary judgment evidence raising a genuine issue of material fact that Petro possessed actual or constructive knowledge of the duffel bag and its purportedly dangerous position on the floor.  
See
 
Tex. R. Civ. P.
 166a(i) & cmt.; 
Grant, 
73 S.W.3d at 215; 
Keetch
, 845 S.W.2d at 264.  Neely could satisfy this burden by producing summary judgment evidence raising a genuine issue of fact as to whether (1) Petro placed the duffel bag on the floor, (2) Petro possessed actual knowledge that the duffel bag was on the floor, or (3) it is more likely than not that the duffel bag was on the floor, extending into the aisle long enough to give Petro a reasonable opportunity to discover it upon reasonable inspection. 
 See
 
Wal-Mart Stores, Inc. v. Reece
,
 
81 S.W.3d 812, 814
 
(Tex. 2002);
 CMH Homes, Inc. v. Daenen
, 15 S.W.3d 97, 102-03 (Tex. 2000);
 Wal-Mart Stores, Inc. v. Gonzalez
, 968 S.W.2d 934, 936 (Tex. 1998).

No summary judgment evidence exists that Petro placed the duffel bag on the floor or possessed actual knowledge that it was there.  Concerning whether the duffel bag was on the floor, partially hidden by the folding table and the clothes rack and extending into the aisle for a long enough period of time that Petro had a reasonable opportunity to discover it upon inspection, Neely produced summary judgment evidence that, viewed in the light most favorable to her, would establish that the duffel bag was on the floor extending into the aisle for the entire five to ten minutes that Neely was inside the truck stop.  This summary judgment evidence alone is not sufficient to raise a genuine issue of material fact on the actual or constructive knowledge element of Neely’s premises liability claim.  
See Reece
, 81 S.W.3d at 816 (recognizing that some dangerous conditions are less conspicuous than others, but all require proof of how long the hazard has been there); 
CMH Homes, Inc.,
 15 S.W.3d at 101-03 (holding core of premises owner’s duty is to protect from dangerous condition actually known or apparent on reasonable inspection)
.  Here, no evidence exists that aisle inspections were required every five to ten minutes or that it would have been reasonable to do so.  Although there was evidence that a person “would have been able to see” the duffel bag if they had “look[ed] down kind of off to the side and down,” even Neely testified that she was “not for sure” that the duffel bag could have been seen upon a reasonable inspection.  

Examining the entire record in the light most favorable to Neely, and indulging every reasonable inference and resolving any doubts against Petro’s motion, we hold that a no-evidence summary judgment in favor of Petro was proper because Neely failed to produce more than a scintilla of probative evidence raising a genuine issue of material fact that Petro had actual or constructive knowledge of the alleged dangerous condition.  
See Sw. Elec. Power Co.
, 73 S.W.3d at 215.  
We therefore overrule Neely’s second issue.  Because the trial court correctly granted Petro’s no-evidence motion for summary judgment, we need not address Neely’s first issue, which challenges the granting of Petro’s traditional motion for summary judgment.
  Reece
, 81 S.W.3d at 816
;
 see also
 
Tex. R. Civ. P.
 47.1.  We affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B:  LIVINGSTON, WALKER, and McCOY, JJ.

DELIVERED: April 19, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Neely does not challenge the summary judgment entered on her negligence claim.