Affirmed and Opinion filed December 23, 2008








Affirmed and Opinion filed December 23, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-01086-CV

____________

 

DELMY DEL CARMEN MENDOZA, Appellant

 

V.

 

FIESTA MART, INC., Appellee

 



 

On Appeal from the 151st
District Court

Harris County, Texas

Trial Court Cause No. 2006-46407

 



 

O P I N I O N

In this premises liability case, appellant Delmy Del Carmen
Mendoza appeals the summary judgment granted in favor of appellee Fiesta Mart,
Inc., the owner of a food store where Mendoza claimed she was injured when she
slipped on some liquid and almost fell.  Mendoza contends she raised genuine
issues of material fact on her cause of action, and therefore the trial court
committed Agross error@ in granting
Fiesta Mart=s motions for summary judgment.  We affirm.

I.        Factual
and Procedural Background

Around noon on October18, 2004, Delmy Del Carmen Mendoza
went shopping, along








 with
her husband and mother, at the Fiesta Mart located at Airline Drive and Highway
45 in Houston.  In the meat department, she slipped on an unidentified
substance on the floor, possibly butter or grease, and allegedly injured
herself when she almost fell.  She did not see the substance on the floor
before she slipped, and there was no sign that would have warned her or other
customers about the wet substance on the floor of the meat department that day.


Mendoza sued Fiesta Mart for premises liability in July
2006.  Fiesta Mart subsequently filed traditional and no-evidence motions for
summary judgment, contending there was no evidence that it had actual or
constructive knowledge of a dangerous condition on the premises.  By order
dated December 12, 2007, the trial court granted Fiesta Mart=s summary judgment
motions.  This appeal followed. 

II.       Standards
of Review

After adequate time for discovery, a party may move for
summary judgment on the ground that there is no evidence of one or more
essential elements of a claim or defense on which an adverse party would have
the burden of proof at trial.  Tex. R. Civ. P. 166a(i) (the Ano evidence@ summary judgment
motion).  A no-evidence summary judgment motion should be denied if the non‑movant
presents more than a scintilla of probative evidence to raise a genuine issue
of material fact on the challenged element(s).  Forbes, Inc. v. Granada
Biosciences, Inc., 124 S.W.3d 167, 172 (Tex. 2003).  More than a scintilla
of evidence exists when reasonable and fair‑minded individuals could
differ in their conclusions.  Id.  Less than a scintilla of probative
evidence exists if the evidence creates no more than a mere surmise or
suspicion of fact regarding the challenged element(s).  Id. 








By comparison, a traditional summary judgment movant bears
the burden to show that there is no genuine issue of material fact and that it
is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Nixon
v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  Thus, when a
defendant moves for traditional summary judgment, it must conclusively negate
at least one essential element of each of the plaintiff=s causes of action
or conclusively establish each element of an affirmative defense.  Sci.
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  Evidence may
be said to have been conclusively established when reasonable people could not
differ in their conclusions.  City of Keller v. Wilson, 168 S.W.3d 802,
816 (Tex. 2005).  Once the movant establishes its right to summary judgment,
the non-movant must present evidence raising a genuine issue of material fact
to avoid entry of a summary judgment.  City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 678 (Tex. 1979).  In reviewing either a no-evidence
or traditional summary judgment motion, we must take as true all evidence
favorable to the non-movant and draw every reasonable inference and resolve all
doubts in favor of the non-movant.  Joe v. Two Thirty Nine Joint Venture,
145 S.W.3d 150, 157 (Tex. 2004); Ford Motor Co. v. Ridgway, 135 S.W.3d
598, 601 (Tex. 2004).

III.      Summary
Judgment Analysis

Fiesta Mart moved the trial court to grant summary judgment
because Mendoza had no evidence that Fiesta Mart had actual or constructive
knowledge of the presence of the liquid on the floor.  See Wal-Mart Stores,
Inc. v. Reece, 81 S.W.3d 812, 814 (Tex. 2002) (premises owner must have
actual or constructive notice of spill).[1] 
Fiesta Mart also sought a traditional summary judgment on the same element,
relying on Mendoza=s testimony and that of her husband. 
Mendoza responded that material facts were disputed and that summary judgment
should be denied because Fiesta Mart had not met its burden.








It is undisputed that Fiesta Mart owed Mendoza, its
invitee, a duty to exercise reasonable care to protect her from dangerous
conditions in its store that were known to it or reasonably discoverable.  See
Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998).  But
this duty does not render Fiesta Mart an insurer of Mendoza=s safety.  See
id.  Rather, a premises liability plaintiff must demonstrate that the
premises owner possessed actual or constructive knowledge of a condition on the
premises, which requires proof that either (1) the defendant placed the
substance on the floor, (2) the defendant actually knew that the substance was
on the floor, or (3) it is more likely than not that the condition existed long
enough to give the premises owner a reasonable opportunity to discover it.  Reece,
81 S.W.3d at 814. 

Mendoza contends that there are several disputed facts, in
particular A[w]hether employees of [Fiesta Mart] admitted to
Plaintiff that they knew that there was liquid on the floor at the meat
department on or about October 18, 2004, prior to Plaintiff slip[ping] and
almost falling to the floor.@  But Mendoza presented no evidence
supporting her claim on this allegedly disputed issue.  In response to
interrogatories requesting such evidence, Mendoza answered that Fiesta Mart
employees were Apresent in the store, and should have been
aware of the dangerous condition.@  But both she and
her husband testified in their depositions that they did not know how the
substance got on the floor, how long it had been on the floor, or whether
anyone else had stepped in it, and conceded that no Fiesta Mart employees told
them they had seen the substance on the floor before Mendoza slipped.

IV.      Conclusion

The summary judgment record presents no probative evidence
sufficient to create a material question of fact concerning Fiesta Mart=s actual or
constructive knowledge of the wet substance on the floor of the meat department
at or before the moment Mendoza slipped. Accordingly, we overrule Mendoza=s sole issue and
affirm the trial court=s judgment.

/s/      Grant Dorfman

Judge

 

Judgment rendered
and Opinion filed December 23, 2008.

Panel consists of
Justice Frost, Justice Brown, and Judge Dorfman.*









[1]  To prevail on a premises liability claim, a
plaintiff must demonstrate that (1) the defendant had actual or constructive
knowledge of some condition on the premises, (2) the condition posed an
unreasonable risk of harm, (3) the defendant did not exercise reasonable care
to reduce or eliminate the unreasonable risk of harm, and (4) the defendant=s failure to use reasonable care to reduce or
eliminate the unreasonable risk of harm proximately caused the plaintiff=s injuries.  LMB, Ltd. v. Moreno, 201 S.W.3d 686, 688 (Tex. 2006).





*  The Honorable Grant Dorfman, Judge of the 129th District Court of
Harris County, sitting by assignment pursuant to section 74.003(h) of the
Government Code.  See Tex. Gov=t Code Ann. ' 74.003(h) (Vernon 2005).