**WAL–MART STORES, INC., Petitioner,**

v.

**Lizzie REECE, Respondent.**

No. 00–1261.

Supreme Court of Texas.

Argued Feb. 6, 2002.

Decided June 20, 2002.

Rehearing Denied Aug. 29, 2002.

Kevin D. Jewell, Magenheim Bateman & Helfand, P.L.L.C., Steven Jon Knight, Chamberlain Hrdlicka White Williams & Martin, Jane M. N. Webre, Scott Douglass & McConnico, Austin, for Petitioner.

Kevin Knight, Roger Knight, Jr., Madisonville, Timothy F. Lee, Ware Snow Fogel & Jackson, LLP, Houston, for Respondent.

Justice O'NEILL delivered the opinion of the Court.

To prevail in a premises-liability case, an invitee must prove that the premises owner had actual or constructive knowledge of a dangerous condition on the premises. In this slip-and-fall case, we must decide whether evidence that the premises owner's employee was in close proximity to the dangerous condition right before the plaintiff fell, without more, is legally sufficient to charge the premises owner with constructive notice. We hold that it is not, absent some evidence demonstrating that the condition existed long enough that the premises owner had a reasonable opportunity to discover it. Because the plaintiff here presented no such evidence, we reverse the court of appeals' judgment and render judgment that the plaintiff take nothing. 32 S.W.3d 339.

I

During a routine shopping trip to a local Wal–Mart store, Lizzie Reece bought a chili dog from the snack bar. After purchasing her food but before leaving the snack bar, Reece slipped and fell in a puddle of clear liquid. The puddle was about the size of a small- or medium-sized pizza and was to the side of the usual line snack-bar customers followed. Reece injured her right knee and underwent surgery to repair a ligament tear.

Shortly before Reece's fall, Stephen Cloyd, a Wal–Mart employee who was on break, walked past the area where Reece fell and bought a beverage from the snack bar directly in front of her, but he did not then notice the spill. Cloyd had walked away from the counter and was about five to eight feet from Reece when she slipped and fell. He testified that only then did he notice the liquid on the floor. The store manager acknowledged that the self-service drink and ice machines increased the risk of spills in the snack-bar area. And store policy required employees to intervene whenever they passed a known hazard anywhere in the store. But there was no evidence, direct or circumstantial, about how the liquid came to be on the floor or how long it had been there before Reece fell.

Reece sued Wal–Mart for her injuries, and the trial court rendered judgment on the jury's verdict in her favor. The court of appeals affirmed, holding that evidence of Cloyd's proximity to the spill, together with Wal–Mart's awareness of the propensity for spills in the area and store policy that required employees to intervene if they discovered dangerous conditions on the premises, was sufficient to establish constructive notice. 32 S.W.3d 339, 344. We granted Wal–Mart's petition for review to decide whether the evidence is legally sufficient to conclude that Wal–Mart had constructive notice of the spill.

## II

■ Wal–Mart owed Reece, its invitee, a duty to exercise reasonable care to protect her from dangerous conditions in the store that were known or reasonably discoverable, but it was not an insurer of her safety. *See Wal–Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex.1998). To prevail, Reece had to prove, among other things, that Wal–Mart had actual or constructive notice of the spill. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992); *Corbin v. Safeway Stores Inc.*, 648 S.W.2d 292, 295–96 (Tex.1983). A slip-and-fall plaintiff satisfies the notice element by establishing that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it. *See Gonzalez*, 968 S.W.2d at 936; *Keetch*, 845 S.W.2d at 265. Because Reece presented no evidence that Wal–Mart placed the foreign substance on the floor or actually knew it was there, she had to prove that the spill had been on the floor for a sufficient period of time that Wal–Mart had a reasonable opportunity to discover it.

Reece argues that she satisfied her burden by showing that Wal–Mart's employee walked past the spill right before she fell. According to Reece, requiring proof of how long the spill had been on the floor improperly elevates the temporal element of premises liability over the more relevant inquiry—whether the premises owner had a reasonable opportunity to discover the danger. Reece claims that Cloyd's proximity to the spill is some evidence that Wal–Mart had a reasonable opportunity to discover it.

Wal–Mart, on the other hand, contends that Reece's position is inconsistent with fundamental premises-liability concepts. According to Wal–Mart, an employee's proximity to a hazard cannot, by itself, impute constructive notice because such a rule would not afford premises owners a fair opportunity to inspect and correct, or warn about, the condition. Wal–Mart claims that mere proof an employee might have discovered the condition by being close to it misstates the plaintiff's burden and requires premises owners to be omnis-

cient. Such a rule, Wal–Mart argues, imposes constructive notice the instant a hazard is created, whether or not there was a reasonable opportunity to discover it, thus violating the principle that premises owners are not insurers of their invitees' safety.

The parties' positions mirror a split among our courts of appeals regarding the import of proximity evidence. Some courts have held that proximity evidence alone is insufficient to establish constructive notice absent some indication that the hazard existed long enough to give the premises owner a reasonable opportunity to discover it. *See Wal–Mart Stores, Inc. v. Rosa,* 52 S.W.3d 842, 844 (Tex.App.-San Antonio 2001, pet. denied) (holding that employees' proximity to area where plaintiff fell did not tend to prove how long the condition had existed for purposes of charging constructive notice); *Furr's, Inc. v. Sigala,* 608 S.W.2d 789, 790 (Tex.App.-El Paso 1980, no writ) (holding mere fact employee was in same aisle when and where accident occurred not sufficient); *H.E.B. Foods, Inc. v. Moore,* 599 S.W.2d 126, 129 (Tex.Civ.App.-Corpus Christi 1980, no writ) (holding fact that employee was in immediate vicinity when plaintiff fell is not sufficient to raise an inference that premises owner should have discovered it); *Great Atl. & Pac. Tea Co. v. Giles,* 354 S.W.2d 410, 414–15 (Tex.Civ.App.-Dallas 1962, writ ref'd n.r.e.) (same).

Other courts, including the court of appeals in this case, have suggested that evidence of an employee's proximity to a dangerous condition can establish constructive notice, although many of those decisions cite other evidence indicating a temporal element. *See Wal–Mart Stores, Inc. v. Garcia,* 30 S.W.3d 19, 23 (Tex.App.-San Antonio 2000, no pet.) (citing proximity evidence as one reason that the premises owner should have known of the haz-

ard); *Duncan v. Black–Eyed Pea U.S.A., Inc.,* 994 S.W.2d 447, 449–50 (Tex.App.-Beaumont 1999, pet. denied) (holding evidence that plaintiff fell in an area frequently traversed by defendant's employees sufficient); *Furr's Super Market v. Garrett,* 615 S.W.2d 280, 281–82 (Tex.Civ. App.-El Paso 1981, writ ref'd n.r.e.) (holding evidence sufficient when five employees were located five to six feet away from hazard for continuous time before, during, and after fall); *Albertson's, Inc. v. Mungia,* 602 S.W.2d 359, 362–63 (Tex.Civ.App.-Corpus Christi 1980, no writ) (finding circumstantial evidence sufficient when water from ice machine was in close proximity to cash register where employee was positioned, another employee was handing a bag of ice to a store customer when plaintiff fell, and water accumulation was of sufficient size to cause water to run in a stream toward cash register); *Kimbell, Inc. v. Hernandez,* 572 S.W.2d 784, 786 (Tex.Civ.App.-El Paso 1978, no writ) (concluding evidence was sufficient where grocery clerk was three or four feet from, and in full view of, the "rather large quantity" of spilled ice that caused the fall); *see also Stoner v. Wal–Mart Stores, Inc.,* 35 F.Supp.2d 958, 960–61 (S.D.Tex.1999) (holding spill's proximity to cash register sufficient). We note that three of these decisions relying on proximity alone drew sharp dissents. *See Duncan,* 994 S.W.2d at 450 (WALKER, C.J., dissenting); *Garrett,* 615 S.W.2d at 282 (OSBORN, J., dissenting); *Kimbell,* 572 S.W.2d at 786 (OSBORN, J., dissenting).

The rule requiring proof that a dangerous condition existed for some length of time before a premises owner may be charged with constructive notice is firmly rooted in our jurisprudence. *See Lone Star Gas Co. v. Ballard,* 138 S.W.2d 633, 634–35 (Tex.Civ.App.-Fort Worth 1940, writ ref'd) (applying rule to premises-liability cases). Indeed, one court of appeals

has opined that "we know of no rule of law that is better established in this state." *F.W. Woolworth Co. v. Goldston*, 155 S.W.2d 830, 832 (Tex.Civ.App.-Amarillo 1941, writ ref'd w.o.m.). The rule emerged from our reluctance to impose liability on a storekeeper for the carelessness of another over whom it had no control or for "the fortuitous act of a single customer" that could instantly create a dangerous condition. *See Coffee v. F.W. Woolworth Co.*, 536 S.W.2d 539, 541 (Tex.1976). More recently, in *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102–03 (Tex.2000), we declined to limit the temporal element of premises liability to slip-and-fall cases, and disapproved the court of appeals' refusal to apply the " 'time-notice rule' " simply because it might be impossible for the plaintiff to show actual or constructive knowledge.

■ The so-called "time-notice rule" is based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition. *See id.* at 102–03. An employee's proximity to a hazard, with no evidence indicating how long the hazard was there, merely indicates that it was *possible* for the premises owner to discover the condition, not that the premises owner reasonably *should* have discovered it. Constructive notice demands a more extensive inquiry. Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition.

■ What constitutes a reasonable time for a premises owner to discover a dangerous condition will, of course, vary depending upon the facts and circumstances presented. And proximity evidence will often be relevant to the analysis. Thus, if the dangerous condition is conspicuous as, for example, a large puddle of dark liquid on a light floor would likely be, then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it. Similarly, if an employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time, that too could affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition. But in either case, there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition. Otherwise, owners would face strict liability for any dangerous condition on their premises, an approach we have clearly rejected.[1] *See CMH Homes*, 15 S.W.3d at 102; *Gonzalez*, 968 S.W.2d at 936.

### III

■ We now turn to the evidence in this case. Reece concedes that she presented no evidence to indicate how long the spill existed before she fell. There was no evidence that the spill was conspicuous—it was not large and consisted of a clear liquid on a light tile floor. There was no evidence that Cloyd saw the spill before Reece fell or that it was there when he

---

1. We disapprove the following cases to the extent they suggest proximity alone is enough to establish constructive notice: *Wal-Mart Stores, Inc. v. Garcia*, 30 S.W.3d 19, 23 (Tex. App.-San Antonio 2000, no pet.); *Duncan v. Black–Eyed Pea U.S.A., Inc.*, 994 S.W.2d 447, 449–50 (Tex.App.-Beaumont 1999, pet. denied); *Furr's Super Market v. Garrett*, 615 S.W.2d 280, 281–82 (Tex.Civ.App.-El Paso 1981, writ ref'd n.r.e); *Albertson's, Inc. v. Mungia*, 602 S.W.2d 359, 362–63 (Tex.Civ. App.-Corpus Christi 1980, no writ); *Kimbell, Inc. v. Hernandez*, 572 S.W.2d 784, 786 (Tex. Civ.App.-El Paso 1978, no writ).

approached the counter. There was no evidence indicating when or how the spill came to be on the floor. Nor was there evidence concerning the condition of the spilled liquid that might indicate how long it had been there. Considering the evidence in the light most favorable to Reece, we hold that there is no evidence to support the conclusion that Wal–Mart had constructive notice of the dangerous condition. *See Bradford v. Vento,* 48 S.W.3d 749, 754 (Tex.2001).

The court of appeals relied on two factors in addition to proximity that it believed constituted some evidence of constructive notice. First, the court noted Wal–Mart's acknowledgment that the self-serve drink machine increased the likelihood of spills in the snack-bar. 32 S.W.3d at 344. Second, the court cited Wal–Mart's store policy that required employees to keep their assigned areas free from hazards and to intervene if "they walk[ed] past ... a known hazard" anywhere in the store. *Id.* But this evidence is immaterial to the constructive-notice issue. It is undisputed that Cloyd did not notice the hazard that he purportedly walked past; thus, the hazard was not known and the store's policy was not implicated. Moreover, assuming the fairly obvious fact that spills are more likely to occur in a self-serve beverage area, that does not relieve Reece of her burden to prove the required premises-liability elements.

Finally, Reece asserts that *Gonzalez* does not apply here because an employee's proximity to a dangerous condition constitutes direct, rather than circumstantial, evidence of constructive notice. *See Gonzalez,* 968 S.W.2d at 936 (applying the constructive-notice rule when the plaintiff relied on circumstantial evidence). But this argument begs the question, and again would result in strict liability whenever there is employee proximity to a hazard.

Reece asked the jury to infer that because Cloyd was in close proximity to the spill right before the accident occurred, Wal–Mart had a reasonable opportunity to discover it. *See Russell v. Russell,* 865 S.W.2d 929, 933 (Tex.1993) (observing that circumstantial evidence establishes a fact when the fact may be "inferred from other facts proved in the case" (quoting *Dallas County Flood Control v. Cross,* 815 S.W.2d 271, 279–80 (Tex.App.-Dallas 1991, writ denied))). Reece's constructive-notice evidence is entirely circumstantial, and *Gonzalez* cannot be distinguished on this basis.

## IV

It was Reece's burden to establish that it was more likely than not that Wal–Mart should have been aware of the spill because it existed long enough to give Wal–Mart a reasonable opportunity to discover and rectify it, or to warn about it. Because Reece failed to meet that burden, we reverse the court of appeals' judgment and render judgment that she take nothing.