Affirmed and Memorandum Opinion filed March 6, 2003









Affirmed and Memorandum Opinion filed March 6, 2003.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00469-CV

____________

 

ANNA LOIS DURHAM, Appellant

 

V.

 

WAL-MART STORES, INC., Appellee

 



 

On
Appeal from the 334th District Court

Harris County, Texas

Trial
Court Cause No. 01-41562

 



 

M
E M O R A N D U M   O P I N I O N

Appellant, Anna
Durham, contends the trial court erred in granting summary judgment in her
premises liability case against appellee Wal-Mart
Stores, Inc.  On appeal, Durham argues 1)
Wal-Mart=s
motion for summary judgment was premature under the court=s docket control order, and
2) the trial court erred in finding no evidence existed that Wal-Mart had
actual or constructive knowledge of the dangerous condition existing on its
premises.  Because all dispositive issues are clearly settled in law, we issue
this memorandum opinion.  See Tex R. App. P. 47.1.  We affirm.








Factual
Background

Durham
entered a Wal-Mart store to purchase a can of motor oil.  Walking down an aisle, she encountered two
Wal-Mart employees and asked for directions to the motor oil section.  One of the employees pointed Durham to a
display at the end of the aisle.  Durham  then made her
way to the display, selected a can of motor oil, and began to retrace her
steps.  As she approached the section of
the aisle where she had asked for directions, Durham stepped on a sheet of plexiglass on the floor of the aisle and began to
slip.  One of the employees helped Durham
off of the sheet of plexiglass.  Durham subsequently filed this lawsuit,
alleging pain and injury to her back as a result of the accident.

Premature
Motion for Summary Judgment

In
her first complaint, Durham contends the trial court prematurely heard and
ruled upon Wal-Mart=s
no-evidence motion for summary judgment. 
See Tex. R. Civ. P. 166a(i).  Wal-Mart alleges
Durham misread the trial court=s
docket control order.  The docket control
order does not appear in the trial record. 
Although Durham attached a copy of the order to her brief, we may
consider only those facts reflected in the record and may not look to documents
attached as exhibits or appendices to briefs or motions not in the record.  See Tex.
R. App. P. 38.1(f); 38.1(h); 34.1; see also Silk v. Terrill, 898
S.W.2d. 764, 766 (Tex. 1995); Sewell v. Adams, 854 S.W.2d 257, 259, n.1
(Tex. App.CHouston
[14th Dist.] 1993, no writ).  Thus,
absent support for Durham=s
allegations in the record, we look only to whether Wal-Mart=s motion for summary
judgment complied with the Texas Rules of Civil Procedure.  








A
no-evidence motion for summary judgment may be filed and heard after Aadequate time for
discovery.@  See Tex.
R. Civ. P. 166a(i).  A party opposing
such a motion due to inadequate time for discovery must file either an
affidavit explaining the need for further discovery or a verified motion for
continuance.  See Tex. R. Civ. P. 166a(g);
Rogers v. Continental Airlines, Inc., 41 S.W.3d 196, 200B01 (Tex. App.CHouston [14th Dist.] 2001,
no pet.).  As Durham did neither, we find
the trial court did not err in hearing and ruling on Wal-Mart=s motion.

Actual
or Constructive Knowledge

In
her next issue on appeal, Durham argues the trial court erred in granting
Wal-Mart=s
no-evidence motion for summary judgment and finding no evidence existed that
Wal-Mart had  actual
or constructive knowledge of the condition causing Durham=s injury.  In reviewing a no-evidence motion for summary
judgment, we view the proof in the light most favorable to the non-movant, disregarding all contrary proof and
inferences.  See
Merrill Dow Pharm., Inc. v. Havner,
953 S.W.2d 706, 711 (Tex. 1997). 
If the non-movant presents more than a
scintilla of probative evidence to raise a genuine issue of material fact, it
is improper to grant a no-evidence motion for summary judgment.  Id.  More than a scintilla of evidence exists when
the evidence rises to a level that would enable reasonable and fair-minded
people to differ in their conclusions.  See
id. 








To
recover in a premises liability case, a claimant must prove four things: 1)
actual or constructive knowledge of some condition on the premises by the
owner; 2) that the condition posed an unreasonable risk of harm; 3) that the
owner did not exercise reasonable care or eliminate the risk; and 4) that the
owner=s
failure to use such care proximately caused the plaintiff=s injuries.  Wal-Mart Stores, Inc. v.
Gonzalez, 968 S.W.2d 934, 936 (Tex. 1988).  A slip-and-fall plaintiff satisfies the
actual or constructive element by establishing either 1) the defendant placed
the substance on the floor, 2) the owner actually knew the substance was on the
floor, or 3) it is more likely than not the condition existed long enough to
give the premises owner a reasonable opportunity to discover it.  Wal-Mart Stores, Inc. v.
Reece, 81 S.W.3d 812, 814 (Tex. 2002).  Durham first argues Wal-Mart created the
dangerous condition when its employees placed the plexiglass
sheet on the floor of an aisle.  However,
Durham points to nothing in the record indicating Wal-Mart employees created
the hazard other than her own speculative
testimony.  Thus, we find the mere
existence of a sheet of plexiglass on the store
floor, without more, is not evidence that a Wal-Mart employee placed it there.

Alternatively,
Durham contends Wal-Mart had constructive knowledge of the unsafe
condition.  Durham argues that because
the accident took place in close proximity to where Wal-Mart employees had been
working, constructive knowledge existed. 
Though proximity evidence is often relevant, there must also be some
proof of the duration of the hazard before liability can be imposed on a
premises owner for failing to discover, rectify, or warn of the dangerous
condition.  Reece, 81 S.W.3d at 816. 
Without such a temporal inquiry, premise owners would be subject to
strict liability for any dangerous condition on their premises, an approach
clearly rejected by the Texas Supreme Court. 
See id.  In the instant
case, Durham put forth no evidence pertaining to how long the plexiglass sheet had been on the floor.  In fact, Durham=s own testimony indicated
it could not have been present for long, as it was not there when she first
walked down the aisle moments before her accident.  We hold the trial court did not err in
determining there was no evidence that Wal-Mart possessed constructive
knowledge of the unsafe condition.

Durham=s appellate issues are
overruled and the trial court=s
judgment is affirmed.

 

 

 

/s/        Kem Thompson Frost

Justice

 

 

Judgment rendered and Memorandum Opinion filed March 6, 2003.

Panel consists of Justices Frost, Fowler, and Edelman.