Affirmed and Memorandum Opinion filed February 15, 2005









Affirmed
and Memorandum Opinion filed February 15, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00745-CV

____________

 

KAREN SMITH, Appellant

 

V.

 

LUBY’S, INC. D/B/A
LUBY’S CAFETERIA, Appellee

 



 

On Appeal from the 190th
District Court

Harris County, Texas

Trial Court Cause No. 03-24282

 



 

M E M O R A N D U M   O P I N I O N

Karen Smith sued Luby’s, Inc. for
negligence based on premises liability after a chair she was sitting on in the
cafeteria’s dining room allegedly collapsed, injuring her.  Luby’s moved for a no-evidence summary judgment,
which the trial court granted.  On
appeal, Smith contends the trial court erred in allegedly ruling she could not
use Luby’s interrogatory answers to support her response, and in ruling she
failed to raise a genuine issue of material fact.  Because we find that Smith did not raise a genuine
issue of material fact concerning whether Luby’s had actual or constructive
knowledge of a dangerous condition on the premises, we affirm.  








I.        Background

In her petition, Smith alleged that, while
at a Luby’s Cafeteria located in Baybrook Mall, she was injured when a chair
she was using suddenly and unexpectedly collapsed, causing her to fall to the
ground.  She alleged the chair was
defective and had not been properly maintained, and that “defective rollers on
the chair” posed a dangerous condition on Luby’s premises.  Smith also alleged Luby’s had actual or
constructive knowledge of these conditions “as demonstrated by its use of the
chair in the main area of the dining room of the restaurant.”  Smith claimed she injured her back and body
generally, and suffered “anxiety, pain and illness.”

Luby’s moved for a no-evidence summary
judgment on the sole ground that Smith had no evidence that Luby’s had actual
or constructive knowledge of a dangerous condition on its premises.  In her response, Smith argued that Luby’s
answers to interrogatories directed to its duty to inspect the chairs raised a
fact issue on this element.  In response
to Interrogatory No. 6, which asked about examinations, inspections, or maintenance
conducted on the chairs in the last five-year period, Luby’s gave this answer:

Defendant objects
to this request as overly broad.  Subject
thereto, all Luby’s employees have responsibility for maintaining the premises,
including the dining room chairs. 
Regarding chairs, floor crew employees wipe down the chairs daily,
inspect the tables’ bases, chair legs, chair seats and chair backs.  Employees are trained and instructed that it
is their joint responsibility as they travel throughout the restaurant in
performance of their duties to continually inspect in order to detect any
spills, debris, or other conditions. 
Finally, the management of each restaurant conducts periodic inspections
of the premises.

In Interrogatory No. 10, Smith asked what procedures
Luby’s follows in inspecting, repairing, and maintaining the chairs used on its
premises.  Luby’s responded as follows:

Cleaned and
inspected daily.  Regarding chairs, floor
crew employees wipe down the chairs daily, inspect the tables’ bases, chair
legs, chair seats and chair backs.  If
any problems are encountered, the chair is taken out of service.








On June 14, 2004, the trial court granted Luby’s
motion and entered a final judgment that Smith take nothing against
Luby’s.  This appeal followed.

II.       Analysis
of Smith’s Issues

A.      Smith
Fails to Demonstrate Error Regarding Use of Interrogatories.

In her first issue, Smith contends the
trial court erred in allegedly ruling that she could not use Luby’s
interrogatory answers in response to Luby’s no-evidence motion for summary
judgment.  However, the record contains
nothing to indicate that Luby’s ever objected to their use or that the trial
court ever made the ruling of which Smith complains.  Nor is there any indication the trial court
did not consider the interrogatory answers. 
Indeed, the trial court’s order states that, in ruling on Luby’s motion,
it considered “the pleadings, the motion and the response.”  Smith attached Luby’s interrogatory answers
to her response and incorporated them into her response.  Therefore, we presume the trial court did
consider the interrogatory answers. 
Smith presents no error for us to review, and we overrule her first
issue.

B.      Smith
Failed to Raise a Genuine Issue of Material Fact on Actual or Constructive
Knowledge of a Dangerous Condition on Luby’s Premises.

In her second issue, Smith contends Luby’s
two interrogatory answers raised a genuine issue of material fact concerning
whether Luby’s had actual or constructive knowledge of the alleged dangerous
condition of its premises.  We apply the
standard of review appropriate to a no-evidence summary judgment motion.  See King Ranch, Inc. v. Chapman, 118
S.W.3d 742, 750–51 (Tex. 2003).








Smith contends that Luby’s interrogatory
answers “address[] the issue of its duty to inspect the premises, including the
chairs on the premises,” and therefore raise a genuine issue of material
fact.  In support of this claim, Smith
contends generally that a premises owner or occupier owes to invitees a duty to
inspect the premises for defects or other dangerous conditions, and if a
reasonably careful inspection would reveal any defects or conditions, the
premises owner or occupier is charged with constructive knowledge that the
defect or condition exists.  See
Corbin v. Safeway Stores, Inc., 648 S.W.2d 292, 295 (Tex. 1983); Burkett
v. Welborn, 42 S.W.3d 282, 289 (Tex. App.—Texarkana 2001, no pet.).  Although not expressly stated, Smith appears
to be arguing that, because Luby’s had a duty to inspect the premises and did
so, it either knew or should have known the chair was defective.  We reject this premise.

It is undisputed that Smith was Luby’s
invitee, and as such, Luby’s owed her a duty to exercise reasonable care to protect
her from dangerous conditions in its cafeteria that were known or reasonably
discoverable.  See Wal-Mart Stores,
Inc. v Reece, 81 S.W.3d 812, 814 (Tex. 2002); CMH Homes, Inc. v. Daenen,
15 S.W.3d 97, 101 (Tex. 2000).  However,
as these cases also make clear, this duty did not make Luby’s an insurer of her
safety.  See Reece, 81 S.W.3d at
814; Daenen, 15 S.W.3d at 101. 

To prevail on a claim for premises
liability, one of the things Smith must prove is that Luby’s had actual or
constructive knowledge of a dangerous condition on the premises.  See Reece, 81 S.W.3d at 814; Daenen,
15 S.W.3d at 99.[1]  In premises cases, constructive knowledge can
be established by showing that the condition had existed long enough for the
owner or occupier to have discovered it upon reasonable inspection.  Daenen, 15 S.W.3d at 102–03.  This rule is often referred to as the
“time-notice” rule, and is “firmly rooted in our jurisprudence.”  Reece, 81 S.W.3d at 815.  








The time-notice rule is based on the
premise that temporal evidence best indicates whether the owner had a
reasonable opportunity to discover and remedy a dangerous condition.  Id. at 816.  Without some temporal evidence, the
factfinder has no basis upon which to reasonably assess the opportunity the
premises owner had to discover the dangerous condition.  Id. 
What constitutes a reasonable time for a premises owner to discover a
dangerous condition necessarily depends on the facts and circumstances of the
case; the proximity of a defendant’s employee to the condition may be relevant
to the analysis.  Id.  However, before liability can be imposed on
the premises owner or occupier for failing to discover and rectify, or warn of,
the dangerous condition, there must be some evidence of how long the hazard was
there.  Id.  Otherwise, owners or occupiers would face
strict liability for any dangerous condition on their premises, an approach our
supreme court has “clearly rejected.”  Id.

Luby’s interrogatory answers contain no
evidence that it had actual knowledge of the alleged defective condition of the
chair.  Therefore, to sustain Smith’s
issue, we must find that the interrogatory answers raise a fact issue regarding
Luby’s constructive knowledge of the alleged defective condition.  As we have explained, constructive knowledge
can be established by showing that the condition existed long enough for the
owner to have discovered it upon reasonable inspection.  However, Luby’s interrogatory answers contain
no evidence raising a fact issue on the length of time the alleged condition
may have existed.  At best, the evidence
merely indicates that it was possible for Luby’s to have discovered the alleged
defective chair roller, not that Luby’s should have discovered it, and this is
not sufficient.  See Reece, 81
S.W.3d at 816; Wal-Mart Stores, Inc. v. Diaz, 109 S.W.3d 584, 589 (Tex.
App.—Fort Worth 2003, no pet.). 
Moreover, Smith presented no evidence that the chair was, in fact, defective
or that the defect was one that could have been discovered upon
inspection.  On these facts, we decline
to hold that the trial court erred in granting Luby’s no-evidence summary
judgment motion.  We overrule Smith’s
second issue.

III.      Conclusion

The trial
court’s judgment is affirmed.

 

/s/      Wanda McKee Fowler

Justice

 

Judgment
rendered and Memorandum Opinion filed February 15, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Frost.











[1]  The other
elements of a premises liability claim are that the condition posed an
unreasonable risk of harm; that the owner or occupier did not exercise reasonable
care to reduce or eliminate the risk; and that the owner or occupier’s failure
to use such care proximately caused the plaintiff’s injury.  See Daenen, 15 S.W.3d at 99.