**Affirmed and Memorandum Opinion filed October 30, 2012.**



In The

# Fourteenth Court of Appeals

NO. 14-11-00869-CV

**ANGELICA MARTINEZ, Appellant**

**V.**

**FALLAS PAREDES AND J&M SALES OF TEXAS, L.L.C., Appellees**

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 974317**

## MEMORANDUM OPINION

This is an appeal from a no-evidence summary judgment in a slip-and-fall case in which the plaintiff alleged that the owner of a store negligently allowed clothes hangers to remain on the floor causing an unreasonably dangerous condition. The trial court granted a no-evidence motion for summary judgment in favor of the owner. Concluding that the summary-judgment evidence does not raise a genuine fact issue as to an essential element of plaintiff's claim, we affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant/plaintiff Angelica Martinez alleged she was a shopper on the premises of appellee Fallas Paredes, a store owned by appellee J&M Sales of Texas, L.L.C., when

she slipped and fell over a number of clothes hangers that were on the floor. Martinez alleged that Fallas Paredes and J&M Sales (collectively, "Fallas Paredes") were negligent in allowing the hangers to remain on the floor of the store, which she alleged created an unreasonably dangerous condition for shoppers. Fallas Paredes filed a no-evidence motion for summary judgment asserting that there is no evidence as to each of the essential elements of Martinez's claim. Martinez filed a response, including her affidavit as the only summary-judgment evidence. The trial court rendered a final summary judgment in favor of Fallas Paredes, which Martinez now appeals.

## II. ISSUES AND ANALYSIS

In three issues, Martinez asserts that the summary-judgment evidence raised a genuine issue of fact as to each of the essential elements of her claim. In reviewing a no-evidence summary judgment, we ascertain whether the nonmovant pointed out summary-judgment evidence raising a genuine issue of fact as to the essential elements challenged in the no-evidence motion. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 206–08 (Tex. 2002). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

Martinez alleges, and there is summary-judgment evidence supporting this allegation, that she was an invitee of Fallas Paredes on or about October 8, 2008, when she slipped and fell on hangers that were on the floor of the store in question. Fallas Paredes owed Martinez, its invitee, a duty to exercise reasonable care to protect her from dangerous conditions in the store that were known or reasonably discoverable, but it was not an insurer of her safety. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). An essential element of Martinez's claim is that Fallas Paredes had actual

or constructive knowledge of the hangers on the floor of the store. *See id.*; *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). Fallas Paredes challenged this element in its no-evidence summary judgment.

Martinez may prove this element by establishing that (1) Fallas Paredes placed the hangers on the floor, (2) Fallas Paredes actually knew that the hangers were on the floor, or (3) it is more likely than not that the condition existed long enough to give Fallas Paredes a reasonable opportunity to discover it. *See Reece*, 81 S.W.3d at 814; *Keetch*, 845 S.W.2d at 265. On appeal, Martinez does not assert that Fallas Paredes placed the hangers on the floor or actually knew that the hangers were on the floor, nor is there any summary-judgment evidence that would raise a fact issue in this regard. Therefore, to avoid summary judgment, there must be summary-judgment evidence raising a fact issue as to whether the hangers had been on the floor for a sufficient period of time that Fallas Paredes had a reasonable opportunity to discover them.

The rule requiring proof that a dangerous condition existed for some length of time before a premises owner may be charged with constructive knowledge is firmly rooted in Texas jurisprudence. *See Reece*, 81 S.W.3d at 815. This rule emerged from the reluctance of Texas courts to impose liability on a storekeeper for the carelessness of another over whom the storekeeper had no control or for "the fortuitous act of a single customer" that could instantly create a dangerous condition. *See id.* at 816. This rule is based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition. *See id.* Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition. *See id.* Before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition, there must be some proof as to how long the hazard was there. *See id.*

In the case under review, there is no summary-judgment evidence as to how long the hangers were on the floor before Martinez slipped and fell. Martinez's affidavit is the

only summary-judgment evidence in the appellate record. In the pertinent part of the affidavit, Martinez states that while she was shopping at the store, "there were a number of hangers on the floor, I did not see any customer drop hangers on the floor[.] I slipped and fell on a hangers [sic] that had accumulated on the floor." Martinez does not provide any testimony as to how long the hangers had been on the floor, nor does she indicate that she has personal knowledge regarding this issue. Though Martinez states that the hangers "had accumulated on the floor," the use of the word "accumulated" is not evidence as to how long the hangers had been on the floor. The hangers could have accumulated suddenly or over a long period of time.

In sum, Martinez testified that she slipped and fell on a number of hangers that had accumulated on the floor and that she did not see any customer drop hangers on the floor. There is no summary-judgment evidence indicating when or how the hangers came to be on the floor. There is no evidence of any condition of the hangers that might indicate how long they had been on the floor. There is no summary-judgment evidence indicating how long the hangers were on the floor before Martinez slipped and fell. Under the applicable standard of review, the evidence does not raise a genuine issue of fact as to whether (1) Fallas Paredes placed the hangers on the floor, (2) Fallas Paredes actually knew that the hangers were on the floor, or (3) it is more likely than not that the hangers had been on the floor long enough to give Fallas Paredes a reasonable opportunity to discover them. *See id*. at 814–17. Thus, the summary-judgment evidence does not raise a genuine issue of fact as to whether Fallas Paredes had actual or constructive knowledge that the hangers were on the floor of the store. *See id*.

On appeal, Martinez argues that the hangers were in the area "for a longer than reasonable amount of time." Martinez also asserts it can reasonably be inferred that "a mound of hangers consisting of multiple sets" did not come about in a short time period but rather "arose over a great length of time." But, these arguments of counsel are not evidence. *See Thielemann v. Kethan*, 371 S.W.3d 286, 295 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). There is no summary-judgment evidence that there was a

4

"mound of hangers" on the floor or that the hangers were on the floor "for a longer than reasonable amount of time." There is evidence that Martinez slipped and fell on a number of hangers that had accumulated on the floor. In responding to the no-evidence motion, absent evidence that Fallas Paredes placed the hangers on the floor or actually knew that the hangers were on the floor, Martinez had the burden to submit evidence as to how long the hangers were on the floor. *See Reece*, 81 S.W.3d at 815. Because Martinez failed to do so, the trial court did not err in granting summary judgment. *See id*.

Accordingly, we overrule Martinez's appellate issues and affirm the trial court's judgment.

/s/     Kem Thompson Frost
        Justice

Panel consists of Justices Frost, McCally, and Mirabal.[*]

---

[*]Senior Justice Margaret Garner Mirabal sitting by assignment.