

## NUMBER 13-13-00696-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

HELEN SAENZ,                                                                              Appellant,

v.

HEB GROCERY COMPANY, L.P.                                                    Appellee.

### On appeal from the 24th District Court
### of De Witt County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Perkes and Longoria**
**Memorandum Opinion by Justice Longoria**

Helen Saenz appeals the district court's order granting a final summary judgment for HEB Grocery Company, L.P. *See* Tex. R. Civ. P. 166a. As set forth herein, we affirm the district court's summary judgment. *See* Tex. R. App. P. 43.2(a), 47.1, & 47.4.

## I. BACKGROUND

Saenz sued HEB for "serious and permanent bodily injuries" she allegedly suffered after she "slipped and fell in a puddle of water that was standing in the [HEB] store" where she had gone as an invitee "to purchase various grocery items." Asserting claims against HEB for negligence and gross negligence, Saenz alleged that HEB "created an extreme risk of harm by knowingly leaving a puddle of standing water in an area where customers routinely walked, by failing to properly inspect the premises and make it safe, and by failing to warn plaintiff or other customers of the hazard posed by the water puddle, by posting notices or guarding or cleaning up the water puddle." Saenz further alleged that HEB "had both actual and constructive knowledge of the extreme risk of harm because the known danger of water on the floor in that area of the premises and because of defendant's awareness of the frequent presence of customers in the area."

HEB answered the suit with special exceptions, a general denial, and an affirmative defense "that the incident made the basis of this suit was proximately caused, in whole or in part, by the negligence of Plaintiff and/or third parties over whom Defendant had no control." HEB then filed a motion for summary judgment. *See* TEX. R. CIV. P. 166a(b) ("A party against whom a claim . . . is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."). In its motion, HEB asserted traditional grounds for summary judgment. *See* TEX. R. CIV. P. 166a(c) ("Motions and Proceedings Thereon"). HEB also asserted no evidence grounds for summary judgment. *See* TEX. R. CIV. P. 166a(i) ("No-Evidence Motion"). Thus, HEB's motion was a "hybrid" motion. *See Neely v. Wilson*, 418 S.W.3d 52, 59 (Tex. 2013).

2

Saenz filed a response to HEB's motion for summary judgment. *See* TEX. R. CIV. P. 166a(c) ("Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response."). Attached to and filed with Saenz's response were the affidavit of her adult son, Randy Saenz, and an excerpt from her deposition taken in this cause.

HEB filed an objection and motion to strike the affidavit of Randy Saenz. In its objection and motion to strike, HEB argued that the affidavit of Randy Saenz was not proper or sufficient summary judgment evidence because it "merely recite[d] factual conclusions." *See* TEX. R. CIV. P. 166a(f) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."). HEB also argued that because Randy Saenz is Saenz's son, he was an "interested witness" for purposes of Rule 166a(c) of the Texas Rules of Civil Procedure, which in relevant part, provides, "A summary judgment may be based on uncontroverted testimonial evidence of an interested witness . . . , if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." *See* TEX. R. CIV. P. 166a(c). HEB argued that the affidavit of Randy Saenz was not free from contradiction and therefore should not be considered proper summary judgment evidence. *See id.*

After hearing HEB's motions, the district court entered a written order granting the motions. The district court did not state the basis for its ruling.

## II. ANALYSIS

Saenz raises two issues in this appeal, arguing the district court erred by (1) granting summary judgment and (2) striking the affidavit of Randy Saenz. We address the issues together as follows. *See* TEX. R. APP. P. 47.1 & 47.4.

### A. Standard of Review

We review summary judgments de novo. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). When a party moves for summary judgment on both traditional and no evidence grounds, we first review the trial court's judgment under the standards for no evidence motions. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). To defeat a no evidence motion for summary judgment, the non-movant "must produce summary judgment evidence raising a genuine issue of material fact" on the challenged element of its claim or defense. *Id.* "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Id.* If the non-movant failed to produce more than a scintilla of evidence under that burden, then there is no need to analyze whether the movant's proof satisfied the burden for a traditional summary judgment. *Id.*

"When reviewing a summary judgment, we take as true all evidence favorable to the non[-]movant, and we indulge every reasonable inference and resolve any doubts in the non[-]movant's favor." *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). "[M]ore than a scintilla of evidence exists if the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Ridgway*, 135 S.W.3d at 601 (quotations omitted). "When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence

4

is no more than a scintilla and, in legal effect, is no evidence." *Id.* (quotations omitted).

"Evidence that is so slight as to make any inference a guess is in legal effect no evidence."

*Id.*

## B. Applicable Law

To recover damages in a slip-and-fall case, a plaintiff must prove the following elements:

(1) Actual or constructive knowledge of some condition on the premises by the owner/operator;

(2) That the condition posed an unreasonable risk of harm;

(3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and

(4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Wal–Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). The Texas

Supreme Court has explained the notice element of a slip-in-fall claim as follows:

A slip-and-fall plaintiff satisfies the notice element by establishing that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it.

*Wal–Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

## C. Discussion

In its motion for summary judgment, HEB asserted, *inter alia*, that Saenz could not produce any evidence that HEB knew or should have known about the alleged puddle of water. *See* TEX. R. CIV. P. 166a(i). In response, Saenz produced the affidavit of Randy Saenz, which as noted above, the district court struck on HEB's motion. *See* TEX. R. CIV. P. 166a(c) & (f). In relevant part, the affidavit stated the following:

5

On the day that my mother, Helen Saenz, fell at HEB she called me. I immediately went to the HEB. When I got there I saw that her pants were wet and dirty as if she had fallen in a pretty good sized puddle of water. I personally inspected the area where my mother fell. The area had clearly just been mopped. There were dirty streak marks left by the mop as if the area that was mopped was very wet and dirty, indicating to me that the water that my mother fell in must have been standing there for quite some time. It is obvious to me as a restaurant owner that the puddle of water was large enough and was there long enough that it should have been cleaned up for the safety of the customer.

On appeal, Saenz argues the district court erred by striking the affidavit of Randy Saenz and granting summary judgment for HEB. In response, HEB contends summary judgment was properly granted because Saenz's summary judgment evidence, including the affidavit of Randy Saenz, "does not show when the alleged puddle of water came to be on the floor or how long it was on the floor before . . . [Saenz] slipped." We agree.

To the extent the affidavit of Randy Saenz purports to state how long the alleged puddle of water was on the floor before Saenz slipped and fell, his affidavit is the product of "guesswork" and "speculation," rendered on fallacy, not fact. *Natural Gas Pipeline Co. of Am. v. Justiss*, 397 S.W.3d 150, 156 (Tex. 2012). The large size of the alleged puddle is no evidence of how long it was there—it hardly raises a "suspicion" on that issue. *See* TEX. R. EVID. 701; *Ridgway*, 135 S.W.3d at 601. The fact that the alleged puddle was perceived as "dirty" is also no evidence of how long it was there. *See* TEX. R. EVID. 701. Furthermore, the affiant's experience owning a restaurant does not make him an expert in determining how long a puddle of water has been on the floor. His testimony that the alleged puddle was "large enough and there long enough" for HEB to know about it assumes the truth of the matter asserted, employs circular logic, and is textbook conclusory. *Coastal Transp. Co. v. Crown Cent. Petrol. Corp.*, 136 S.W.3d 227, 232 (Tex. 2004) ("Opinion testimony that is conclusory or speculative is not relevant evidence,

6

because it does not tend to make the existence of a material fact more probable or less probable.") (quotations omitted). It is no more than a "guess" based on a "guess." *Ridgway*, 135 S.W.3d at 601.

Under existing law, the affidavit is not "some temporal evidence" that would defeat summary judgment. *See Reece*, 81 S.W.3d at 816 ("Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition."); *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) ("Conclusory affidavits are not enough to raise fact issues."). Accordingly, we overrule Saenz's two issues.

## III. CONCLUSION

We affirm the district court's judgment.

NORA L. LONGORIA
Justice

Delivered and filed the
14th day of August, 2014.