

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-15-00089-CV

**TEXAS STATE TECHNICAL COLLEGE,**

                                                                    **Appellant**

 **v.**

**MONIQUE WASHINGTON,**

                                                                    **Appellee**

_____

**From the 170th District Court
McLennan County, Texas
Trial Court No. 2013-2103-4**

_____

## MEMORANDUM OPINION

_____

Monique Washington alleged she slipped and fell in some water in a building on the campus of Texas State Technical College, a governmental entity. A water line had broken in the ceiling of the building and flooded the floor. Washington sued TSTC for the injuries she sustained in her fall. TSTC filed a plea to the jurisdiction which the trial court denied. Because the trial court did not err in denying TSTC's plea to the jurisdiction, we affirm the trial court's order.

The central issue in this appeal is whether there is some evidence of TSTC's liability which would invoke the waiver of governmental immunity in the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (West 2011). The Tort Claims Act generally waives governmental immunity in premises liability cases if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. *Id*.

In its plea to the jurisdiction, TSTC challenged the substance of Washington's jurisdictional pleadings and contends Washington failed to present evidence that TSTC had actual or constructive knowledge of the water on the floor on which Washington slipped, thus failing to establish a waiver of TSTC's governmental immunity. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 221 (Tex. 2004). We review the trial court's ruling on a plea to the jurisdiction de novo. *See id*. at 228. Further, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id*.

To recover in a slip-and-fall case, a plaintiff must prove that the defendant had actual or constructive knowledge of a dangerous condition on the premises such as a slippery substance on the floor. *Brookshire Bros., Ltd. v. Aldridge*, 438 S.W.3d 9, 15 (Tex. 2014); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). This may be accomplished with a showing that "(1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than

not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Brookshire Bros., Ltd.*, 438 S.W.3d at 15-16 (quoting *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002)). TSTC objected to some of the evidence Washington presented in her response to TSTC's plea to the jurisdiction. The trial court overruled its objection.[1] However, even without that evidence, Washington presented other evidence which raised a genuine issue of material fact concerning TSTC's actual or constructive knowledge of the water on the floor.

Evidence was presented by both TSTC and Washington to determine the issue of actual or constructive knowledge. The evidence included, but was not limited to, deposition testimony of the various people involved with the incident. Trisha Carpenter, a maintenance worker at TSTC, heard loud rattling and a bang in the ceiling of the Roy Dugger Center on the TSTC campus on the morning of May 24, 2011. Water then flooded out of the ceiling. Carpenter placed "wet floor" signs at either end of the hallway where the water was running. In between those two signs were the student lounge and the math labs. Selby Holder, TSTC's Director of Physical Plant, was informed by the custodial staff between approximately 7:30 a.m. and 8:00 a.m. on the same day that there was water on the floor in the Dugger Center. Gary Johnson, a TSTC professor, arrived at the Dugger Center at about 8:30 a.m. that day to teach a 9:00 a.m.

---

[1] TSTC objected to the incident report attached to Washington's response to the plea to the jurisdiction and to the portion of her affidavit that relied upon the report. On appeal, TSTC complains about the trial court's ruling on those objections. Because we can dispose of the appeal without considering the objected to evidence, we need not address the issue on appeal complaining about that ruling.

class. When he walked into the Dugger Center, people were already trying to "respond" to the water on the floor. Johnson tried to help with barricades and handmade signs. The water was by the math lab, filling much of that hallway, and was in the lounge. Johnson considered it to be "a lot of water." The flow of the water had not been stopped by the time Johnson left to teach his class. Abigail Lewsader, a TSTC employee, could see that the floors were still wet and could still see pools of water that were being cleaned up at 11:00 a.m. or 12:00 p.m. as she left her class.

Washington stated that on May 24, 2011, she entered the Roy Dugger Center for a morning math class. While walking through the lounge area, she slipped and fell on water that was on the floor. Two custodians were standing by the door and when Washington fell, one looked at her and said, "My bad." Documents submitted by both TSTC and Washington indicated that Washington's math class began at 10:00 a.m. Further, Lewsader stated that Washington reported the fall to her and that the fall occurred at 9:35 in the morning on May 24, 2011.[2]

To avoid dismissal on the basis of governmental immunity, all Washington had to do was show that there was a disputed material fact regarding subject matter jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). Taking as true all evidence favorable to Washington as the nonmovant, and indulging every reasonable inference and resolving any doubts in Washington's favor, the

---

[2] This evidence was not part of the evidence to which TSTC objected.

evidence submitted shows that at least an hour before Washington slipped and fell, TSTC knew about the water on the floor in the area where Washington slipped. The evidence also showed that TSTC was still trying to clean up the water in the area hours after Washington fell. Further, it could be inferred that TSTC knew the water was still on the floor when a custodian said "my bad" after Washington fell. This evidence was enough to raise a fact issue as to whether TSTC had actual or constructive knowledge of the water on the floor on which Washington slipped and whether TSTC's immunity was waived.

Accordingly, the trial court did not err in denying TSTC's plea to the jurisdiction. TSTC's sole issue is overruled, and the trial court's order is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed September 17, 2015
[CV06]

