**AFFIRMED and Opinion Filed June 28, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00176-CV**

**YUMNAH SAID, Appellant**
**V.**
**DICK'S SPORTING GOODS, INC., Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-09591**

## MEMORANDUM OPINION

Before Justices Nowell, Miskel, and Kennedy
Opinion by Justice Nowell

Appellant Yumnah Said sued appellee Dick's Sporting Goods, Inc. (DSG) after she tripped over a wagon handle on the sales floor and suffered injuries. The trial court granted DSG's no-evidence motion for summary judgment on Said's premises liability claim. In a single issue, Said argues she raised a genuine issue of material fact on each element of her claim. We affirm.

## Background

On July 24, 2019, Said tripped over a wagon handle in the football cleats aisle of DSG. Said described the area as follows: "[T]he shoes are to the left, and the

clothes are to the right, and they had the boxes in the middle . . . [in] the open aisle or the one that should be an open aisle." She explained the wagon was behind the stacked boxes in the aisle so she could not see it from the direction she was walking. As she walked by the boxes, she tripped over the wagon handle. Said was five months pregnant at the time and twisted her back to mitigate the fall. She filed suit alleging negligence and premises liability.

DSG filed a no-evidence motion for summary judgment challenging both causes of action. DSG contended there was no evidence (1) the wagon handle posed an unreasonably dangerous risk of harm; (2) DSG knew or should have known of the alleged unreasonably dangerous condition; or (3) DSG's alleged failure to use reasonable care proximately caused Said's alleged injuries. DSG also argued Said was limited to a premises theory of liability; therefore, her negligence claim was without merit.

Said filed a response and attached her deposition testimony and discovery responses. She argued these documents "on their face" established more than a scintilla of evidence raising a genuine issue of material fact regarding the unreasonable and dangerous nature of the condition because she was walking and tripped on the wagon handle "behind the boxes that were stacked" in the aisle. She argued, in part, DSG had knowledge of the dangerous condition because advertising and advertising displays were entirely within its management and control. On

January 19, 2023, the trial court granted DSG's no-evidence motion for summary judgment without stating the grounds. This appeal followed.

**Standard of Review**

A no-evidence motion for summary judgment is appropriate when there is no evidence of one or more essential elements of a claim on which the adverse party will bear the burden of proof at trial. TEX. R. CIV. P. 166a(i). "When reviewing a no-evidence summary judgment, we review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

A trial court must grant a no-evidence motion for summary judgment unless the nonmovant produces more than a scintilla of evidence to raise a genuine issue of material fact on the challenged elements. TEX. R. CIV. P. 166a(i); *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam). A nonmovant produces more than a scintilla of evidence when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). A nonmovant produces no more than a scintilla when the evidence is so weak that it does no more than create a mere surmise or suspicion of a fact. *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003).

**Premises Liability Law and Discussion**

A plaintiff seeking damages in a premises liability case must prove (1) the owner/operator had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) such failure proximately caused the plaintiff's injuries. *Wal–Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). DSG owed Said, as an invitee, a duty to exercise reasonable care to protect her from dangerous conditions in the store that were known or reasonably discoverable, but it was not an insurer of her safety. *Wal–Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

To prevail, Said had to prove, among other things, that DSG had actual or constructive notice of the wagon handle lying in the aisle. There is no one test for determining actual or constructive knowledge that an alleged condition presents an unreasonable risk of harm. *Dubiel v. Dr. Pepper Snapple Grp., Inc.*, No. 05-17-01050-CV, 2018 WL 6716655, at *5 (Tex. App.—Dallas Dec. 21, 2018, no pet.) (mem. op.). Said could satisfy the notice element by establishing that (1) DSG placed the wagon handle on the floor, (2) DSG actually knew the wagon handle was on the floor, or (3) it is more likely than not the condition existed long enough to give DSG a reasonable opportunity to discover it. *Reece*, 81 S.W.3d at 814.

In determining whether an owner had knowledge of an unreasonably dangerous condition, courts generally consider whether the premises owner has

–4–

received reports of the alleged danger created by the condition or reports of prior injuries. *Dubiel*, 2018 WL 6716655, at *5; *see also Zook v. Brookshire Grocery Co.*, 302 S.W.3d 452, 455 (Tex. App.—Dallas 2009, no pet.) (considering lack of reports of previous injuries for whether owner knew or should have known of dangerous condition). Said produced no evidence of prior reports or injuries caused by the wagon handle. To the extent she asserts the advertising display boxes were entirely within DSG's control thereby raising a genuine issue of material fact as to DSG's knowledge of the wagon handle, we disagree. Although proof a premises owner created a condition that posed an unreasonable risk of harm may constitute circumstantial evidence of knowledge, evidence of the owner's knowledge or appreciation of the dangerous condition must be established. *Dubiel*, 2018 WL 6716655, at *6. Said has not cited to any evidence DSG placed the wagon handle in the aisle or knew there was a problem with the display or the wagon.

What constitutes a reasonable time for a premises owner to discover a dangerous condition will vary depending upon the facts and circumstances presented. *Reece*, 81 S.W.3d at 816. But there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition. *Id.* Otherwise, owners would face strict liability for any alleged dangerous condition on their premises, an approach the Texas Supreme Court has clearly rejected. *Id.* Said produced no such evidence. She testified, "I was just walking, and I tripped on a handle of the wagon,

and the wagon was behind the boxes that were stacked in the hall. So I couldn't see it." She did not see any employees working nearby when she tripped, and there was nothing else on the floor contributing to the fall.

It was Said's burden to establish it was more likely than not that DSG should have been aware of the wagon handle in the aisle because it existed long enough to give DSG a reasonable opportunity to discover and rectify it, or to warn about it. Because Said failed to meet that burden, the trial court did not err by granting the no-evidence motion for summary judgment. We need not address whether she produced more than a scintilla of evidence on the other challenged elements. TEX. R. APP. P. 47.1; TEX. R. CIV. P. 166a(i); *Rodriguez v. Lusk*, No. 08-03-00385-CV, 2004 WL 2307443, at *3 (Tex. App.—El Paso Oct. 14, 2004, no pet.) (mem. op.) (affirming no-evidence summary judgment when no evidence supports any one of the challenged elements). We overruled Said's issue.

## Conclusion

We affirm the trial court's judgment.

/Erin A. Nowell/
ERIN A. NOWELL
230176F.P05                                          JUSTICE

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

YUMNAH SAID, Appellant

No. 05-23-00176-CV        V.

DICK'S SPORTING GOODS, INC.,
Appellee

On Appeal from the 160th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-09591.
Opinion delivered by Justice Nowell.
Justices Miskel and Kennedy
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee DICK'S SPORTING GOODS, INC. recover its costs of this appeal from appellant YUMNAH SAID.

Judgment entered June 28, 2024.