# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 29, 2025

Lyle W. Cayce
Clerk

No. 24-20421

Bianca Mouton,

*Plaintiff—Appellant*,

*versus*

Wal-Mart Stores Texas, L.L.C.,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-1785

_____

Before Elrod, *Chief Judge*, Engelhardt, *Circuit Judge*, and Guidry, *District Judge*.[*]

Per Curiam:[†]

Appellant Bianca Mouton slipped on a translucent substance and fell at a Wal-Mart in Houston, Texas. She sued Appellee Wal-Mart Stores Texas, L.L.C. for her injuries, asserting Texas premises liability and negligence claims, and the district court granted summary judgment for Wal-

_____

[*] United States District Judge for the Eastern District of Louisiana, sitting by designation.

[†] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Mart. She appeals the grant of summary judgment as to her premises liability claim. Because there is no evidence that Wal-Mart had knowledge of the hazard that allegedly caused Mouton's injuries, we AFFIRM.

## I.

We review a district court's grant of summary judgment *de novo*. *McCarty v. Hillstone Rest. Grp.*, 864 F.3d 354, 357 (5th Cir. 2017). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). There is a genuine dispute as to a material fact if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *McCarty*, 864 F.3d at 357–58.

## II.

### A.

Under Texas law, property owners generally "have a duty to protect invitees from, or warn them of, conditions posing unreasonable risks of harm if the owners knew of the conditions or, in the exercise of reasonable care, should have known of them." *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014) (per curiam). To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements: (1) "the property owner had actual or constructive knowledge of the condition causing the injury"; (2) "the condition posed an unreasonable risk of harm"; (3) "the property owner failed to take reasonable care to reduce or eliminate the risk"; and (4) "the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee." *Id.* at 251–52. Here, only the knowledge element is at issue.

To establish that a property owner had actual or constructive knowledge that a substance was on its floor, a slip-and-fall plaintiff must

prove one of three scenarios: (1) "the defendant placed the substance on the floor"; (2) "the defendant actually knew that the substance was on the floor"; or (3) "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). The third scenario requires temporal evidence of how long the substance was on the floor: "An employee's proximity to a hazard, with no evidence indicating how long the hazard was there, merely indicates that it was *possible* for the premises owner to discover the condition, not that the premises owner reasonably *should* have discovered it." *Id.* at 816 (emphasis in original).

## B.

Mouton submits two theories to satisfy the knowledge element: Either Wal-Mart created the hazard, or the hazard existed long enough that Wal-Mart had constructive knowledge of it. The evidence supports neither theory.

First, Mouton has proffered no evidence to show that Wal-Mart created the hazard. While security footage captured Mouton's fall, the substance is not visible in the video, and Mouton concedes that the video does not show a Wal-Mart employee creating the hazard. Nonetheless, because the footage does not show a customer creating the hazard either, Mouton argues that whether Wal-Mart created it is a genuinely disputed material fact. But such "meager circumstantial evidence from which equally plausible but opposite inferences may be drawn is speculative and thus legally insufficient to support a finding." *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). From the available evidence, a reasonable jury could not conclude that Wal-Mart, more likely than not, created the hazard.

Mouton likewise has not proffered sufficient temporal evidence for a reasonable jury to find that Wal-Mart had constructive knowledge of the

No. 24-20421

hazard. According to Mouton, a jury could find constructive knowledge because the substance "appeared to be smeared by a cart" and Wal-Mart associates pushed carts through the area in the minutes before her fall. She therefore concludes that this establishes that the hazard existed at least from the time that the last employee pushed a cart through the area. But the security footage shows that the last two carts to pass through the area before her fall were pushed by customers. So a reasonable jury could not conclude that the hazard more likely than not existed at least since the last employee passed the area. Without any temporal evidence, Mouton cannot establish constructive knowledge. *See Reece*, 81 S.W.3d at 816.

The judgment of the district court is AFFIRMED.