**Affirmed and Memorandum Opinion filed August 30, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00699-CV

## BRYON DEAN JORDAN, Appellant

## V.

## TEXAS CHILDREN'S HOSPITAL, Appellee

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-08118**

# M E M O R A N D U M     O P I N I O N

In this appeal from a summary judgment in a slip-and-fall case, Bryon Dean Jordan contends that Texas Children's Hospital failed to conclusively prove whether Jordan was aware of a slippery algae condition on a wooden ramp and whether this condition was open and obvious. Jordan also contends that the trial court's evidentiary rulings on Jordan's proffered evidence do not relate to these issues and so are immaterial to the disposition of this appeal. We affirm.

# I. BACKGROUND

Jordan alleges that on February 12, 2014, he was delivering bottled water to the Hospital when he slipped and fell on a wooden ramp in the dock area of the Hospital's premises where vendors regularly enter and exit. Jordan was pushing a dolly containing seven cases of distilled water when he fell. According to Jordan, he was about halfway up the ramp when he hit the "wrong spot" and slipped on a "little bit of green algae and stuff." Jordan had used the same ramp many times over the last ten years and was making his second or third trip up the ramp on the day he fell.

Jordan brought a premises liability claim against the Hospital in 2016, alleging that the "dangerously slippery wooden ramp" was an unreasonably dangerous condition which the Hospital knew or should have known existed. Jordan also argued that the ramp posed an unreasonable risk of harm, but the Hospital failed to inspect, make safe, or adequately warn of the condition.

The Hospital moved for traditional summary judgment. In its motion, the Hospital primarily relied on *Austin v. Kroger*, a 2015 opinion in which the Supreme Court of Texas held that a premises owner has a duty only "to make safe or warn of unreasonably dangerous conditions that are not open and obvious or otherwise known to the invitee." *See Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015). Based on *Austin*, the Hospital argued that its summary judgment evidence conclusively negated two elements of Jordan's premises liability case: (1) that the condition of the ramp was concealed; and (2) that Jordan was unaware of the alleged danger. The Hospital supported its motion with excerpts of Jordan's deposition testimony.

Jordan filed a response and a motion for continuance to conduct depositions of Hospital employees. In his response, Jordan argued, among other things, that a fact issue existed because he never admitted being aware of the ramp's condition.

In reply, the Hospital opposed a continuance and argued that Jordan had submitted no evidence to rebut the Hospital's contention that any alleged defect on the surface of the ramp was open and obvious. The Hospital also argued that *Austin* did not require an express admission that the plaintiff was aware of the dangerous condition; it simply provided that an invitee will be aware of the dangerous condition when it is open and obvious.

Jordan was granted the requested continuance. Jordan obtained additional discovery and filed a supplemental response to the Hospital's summary judgment motion with attached exhibits.

In his supplemental response, Jordan argued that the attached exhibits supported his argument that the slippery condition of the ramp was concealed because they showed that the Hospital was aware of the unreasonably dangerous condition but failed to remedy it. Jordan also argued that his case was distinguishable from *Austin* and the cases cited therein because Jordan was totally unaware of the ramp's slippery condition and had not had any problems with the ramp in the past or earlier on the day of the incident.

The Hospital filed a reply to Jordan's supplemental response. In this reply, the Hospital lodged a variety of objections to the exhibits in Jordan's original and supplemental responses. The Hospital also argued that Jordan had offered no competent, controverting evidence that there was any hidden or concealed defect related to the surface condition of the ramp. Additionally, the Hospital contended that relevant case law demonstrated that whether a condition is open and obvious is an objective inquiry and could be determined as a matter of law. Finally, the Hospital argued that the landowner is not obligated to warn the invitee of a dangerous condition when it is *either* open and obvious *or* known to the invitee. Accordingly, the Hospital concluded, to the extent that Jordan argued or attempted to offer any

3

evidence that he did not know about the surface condition of the ramp, it was not relevant.

After hearing oral argument, the trial court rendered summary judgment for the Hospital on May 25, 2017. The trial court also sustained in part the Hospital's objections to Jordan's exhibits. Jordan filed a motion for new trial, which was overruled by operation of law. This appeal followed.

## II. SUMMARY JUDGMENT

In his first issue, Jordan contends that the Hospital failed to conclusively prove that Johnson was aware of the slippery algae condition on the wooden ramp and that it was open and obvious.

## A. Standard of Review

We review a trial court's summary judgment de novo. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 579 (Tex. 2017). The movant for traditional summary judgment must establish that (1) there is no genuine issue of material fact and (2) that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 681 (Tex. 2017).

A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment. *Boerjan v. Rodriguez*, 436 S.W.3d 307, 310 (Tex. 2014) (per curiam). If the moving party produces evidence that it is entitled to summary judgment, the burden shifts to the non-movant to present evidence that raises a material fact issue. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996).

In determining whether there is a disputed material fact issue precluding summary judgment, we review the evidence presented in the motion and response in the light most favorable to the nonmovant, crediting favorable evidence if

4

reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Helix Energy Sols. Grp., Inc. v. Gold*, 522 S.W.3d 427, 431 (Tex. 2017).

**B.    *Austin v. Kroger***

In *Austin v. Kroger*, Randy Austin, an employee of a Kroger store in Mesquite, had been directed by his supervisor to clean up an oily liquid that was spilled in the store's restrooms. 465 S.W.3d at 198. Austin recognized the danger that the slippery liquid presented, but while cleaning a large spill in one of the restrooms, he slipped on the liquid and fell, causing serious injuries. *Id*. at 198–99.

Austin sued Kroger, a nonsubscriber to the Texas workers' compensation system, in a Texas state court, asserting claims for negligence and gross negligence. *Id*. at 199. Kroger removed the case to a federal district court, where Kroger was granted a summary judgment on all of Austin's claims. *Id*. On appeal, the Fifth Circuit certified the following question to the Supreme Court of Texas: "[C]an an employee recover against a non-subscribing employer for an injury caused by a premises defect of which he was fully aware but that his job duties required him to remedy?" *Id*.

The high court answered the question, holding that "[u]nder Texas law, an employee generally cannot recover against a nonsubscribing employer for an injury caused by a premises defect of which he was fully aware but that his job duties required him to remedy." *Id*. at 217 (quotation marks omitted). The court also declined to recognize an exception in cases in which an employee is injured while performing a task that the employer assigned to the employee. *Id*. at 213–14. Although *Austin* involved an invitee who was an employee of the landowner, the

5

court explained that employers owe employees the same premises liability duty that other landowners owe to their invitees. *Id*. at 201–02.

Relevant here, the high court held that in most cases, "the landowner's premises-liability duty is to either make safe or warn invitees of concealed dangers of which the landowner is or should be aware but the invitee is not," and that "a landowner owes no duty to protect an invitee against a dangerous condition that is open and obvious or known to the invitee." *Id*. at 201.[1] This general rule recognizes that a landowner is not an insurer of its invitees' safety and has no duty to take safety measures beyond those that an ordinary, reasonable landowner would take. *Id*. at 203–04. Because there is no need to warn against obvious or known dangers, a landowner generally has no duty to warn of hazards that are open and obvious (i.e., not concealed) or known to the invitee. *Id*. at 204.

## C.    Application of Law to Facts

On appeal, Jordan argues that he raised more than a scintilla of evidence on the challenged elements of his premises liability claim. The parties agree that whether a landowner owes a duty to an individual on its property is a threshold question of law for a court to decide. *Id*. at 209; *see Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006) ("Whether a duty exists is a threshold inquiry and a question of law; liability cannot be imposed if no duty exists.").

In the trial court, the Hospital argued that it owed no duty to Jordan because (1) the surface condition of the ramp was not concealed, and (2) Jordan was aware

---

[1] Two exceptions apply to this general rule: the criminal-activity exception and the necessary-use exception. *See Austin*, 465 S.W.3d at 204–08. In response to the Hospital's summary judgment motion, Jordan argued in the alternative that the necessary-use exception applied, but he has abandoned this argument on appeal, making it unnecessary to discuss the exceptions further. *See Fields v. City of Tex. City*, 864 S.W.2d 66, 68 n.1 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (arguments raised in trial court are abandoned on appeal when not raised in appellate brief).

of the surface condition of the ramp. In support of its contentions, the Hospital relied on portions of Jordan's deposition testimony in which Jordan acknowledged that the ramp was not covered, it was located outside the building and exposed to the elements, there was nothing obscuring Jordan's view as he used the ramp, and Jordan had used the ramp hundreds of times over the last ten years in all sorts of weather.

Moreover, Jordan admitted that on the day he fell, it was daylight when he used the ramp, he was familiar with the ramp's condition, and he was making his second or third trip up the ramp when he fell. Jordan also admitted that the ramp was "a little damp," and that algae "was all over the ramp, here and there." Based on this evidence, the Hospital argued that there was no genuine issue of material fact that the alleged defective surface of the ramp was not concealed or that Jordan was aware of the surface condition of the ramp.

On appeal, Jordan contends that the Hospital did not prove that Jordan knew of the slippery algae condition or that it was open and obvious. Jordan asserts that the Hospital did not ask Jordan about his "prior awareness of the 'foreign substance' and its danger" and points to his testimony in which he stated:

> I was pushing the dolly up the ramp and slipped. That was it. That was — it was — after I looked at it after that, it looked like — you could see some of the — a little bit of the green algae and stuff on the sides and everything. . . . And that — it looks like that's what I slipped on. . . . It looks like I just hit the wrong spot, and that was it.

Jordan also argues that the facts of this case are distinguishable from those in *Austin*, because in that case, the employee was charged with mopping a spill and knew of the precise danger involved, while in this case, Jordan never admitted that he knew of the dangerous condition of the ramp.

In his appellate brief, Jordan emphasizes that the condition at issue is the not the ramp itself, but rather "the wood surface of the remap [sic] with patches of green,

slippery algae and the absence of anti-slip tape." Jordan argues that the evidence shows that this slipping hazard was not a static, non-changing open and obvious condition like an open pit on a job site but was a "changing condition that varied with the circumstances," and asserts that "a possessor may be liable when a specific condition that caused the injury was concealed even if other aspects of the dangerous condition are open and obvious." For this proposition, Jordan relies on *E.I. DuPont de Nemours & Co. v. Roye*, 447 S.W.3d 48 (Tex. App.—Houston [14th Dist.] 2014, pet. dism'd), and *Griffin v. Shell Oil Co.*, 401 S.W.3d 150, 160–61 (Tex. App.—Houston [1st Dist.] 2011, pet. denied).[2] Jordan does not direct us to any evidence specifically illustrating his "changing circumstances" argument, but immediately after making this argument he sets out several excerpts drawn from the summary judgment exhibits.

The summary judgment excerpts that follow do not suggest that the allegedly slippery algae condition changed or varied over time, or that the condition of the ramp's surface on previous occasions differed from its specific condition so that it was concealed at the time he was injured. *Cf. Roye*, 447 S.W.3d at 59 (noting that even when certain aspects of a hazard are open and obvious, "the premises owner may still be liable if the specific conditions that caused the employee's injury were concealed"); *Griffin*, 401 S.W.3d at 161 (holding that while plaintiff was aware of general dangers existing in premises owner's storage room where he slipped on a pallet, he also presented evidence that specific defects in the room were "ever-changing" raising a fact issue as whether the specific conditions that actually caused his fall and injuries could be described as concealed or hidden). Nor does Jordan explain how the existence of patches of algae and the absence of anti-slip tape on

---

[2] Jordan's general proposition and these cases are discussed in greater detail in *Wallace v. ArcelorMittal Vinton, Inc.*, 536 S.W.3d 19, 25–26 (Tex. App.—El Paso 2016, pet. denied).

the surface of the ramp were not readily observable or otherwise concealed, particularly when he testified that he was aware that the ramp was outside, exposed to the elements, his view of the ramp was unobstructed prior to its use, and the algae was "all over the ramp."

Jordan next argues that that the Hospital's case is comparable to a "foreign substance on the floor case" because the Hospital essentially argues that Jordan "has worked on the floor before, seen the floor so any defect is not concealed." Thus, Jordan maintains, the Hospital was required to prove that the foreign substance was observed, or open and obvious, or use another method to defeat duty such as the time-notice rule. As support, Jordan cites generally to *Wal-Mart Stores v. Reece*, 81 S.W.3d 812 (Tex. 2002). *Reece* is inapplicable, however, because it concerned whether a store owner had actual or constructive notice of a spill that allegedly caused the plaintiff to slip and fall and did not address whether the hazard was open and obvious or known to the plaintiff. *See id.* at 814.

Jordan's arguments, at most, are directed to the Hospital's failure to establish that Jordan was aware of the presence of slippery algae on the ramp because Jordan was never asked if he knew about it. Assuming that the Hospital failed to conclusively prove that Jordan was aware of the presence of slippery algae on the ramp, we nevertheless conclude that the Hospital's evidence, described above, satisfied its initial burden to prove that the presence of slippery algae on the wooden ramp was open and obvious. *See Austin*, 465 S.W.3d at 203–04 (explaining that a premises owner has no duty to make safe or warn of unreasonably dangerous conditions that are open and obvious); *see also Houston Nat'l Bank v. Adair*, 207 S.W.2d 374, 390 (Tex. 1948) (stating that premises owner owed business invitee a duty to protect her against dangerous conditions "which would not be open or obvious to a person exercising ordinary care").

9

Because the Hospital presented evidence demonstrating that it was entitled to summary judgment on the basis that the surface condition of the wooden ramp was open and obvious, it was incumbent on Jordan to present controverting evidence to raise a fact issue precluding summary judgment on this point. *See Walker*, 924 S.W.2d at 377. Jordan argues that excerpts of statements from himself, a coworker, and a Hospital dock worker provide such evidence. Whether we may consider this evidence—and whether it raises a fact issue precluding summary judgment—is the subject of Jordan's second issue, which we address next.

### III. EFFECT OF THE EVIDENTIARY RULINGS

In his second issue, Jordan contends that the trial court's rulings sustaining most of the Hospital's objections to Jordan's evidence are irrelevant because the court sustained the objections only as to "testimony that does not go to the issue of open and obvious and/or concealment." The Hospital responds that Jordan is improperly attempting to establish the Hospital's knowledge of the allegedly dangerous condition and, in any event, the Hospital's knowledge is a separate and distinct element of Jordan's claim that was not raised in the trial court and has no bearing on the open-and-obvious issue.

Jordan focuses on three specific exhibits: Jordan's deposition testimony, the affidavit of a coworker, Alex Salcedo, and a recorded statement given by a Hospital dock worker, Chris Helton. The trial court sustained the Hospital's objections to the exhibits containing Jordan's and Helton's statements as to "testimony that does not go to open and obvious and/or concealment." As to Saucedo's affidavit, the trial court sustained only the Hospital's hearsay objection, subject to the same limitation. According to Jordan, the cited portions of these exhibits are admissible to raise a fact issue on concealment because they show that the Hospital was made aware that others had slipped on the ramp before Jordan fell but failed to remedy the condition.

10

Jordan also argues that after he fell, the Hospital "put an anti-slip surface on portions of the well[-]traveled wood ramp, but the green algae like condition was still observable."

To the extent Jordan contends that the evidence shows the Hospital had knowledge of the slippery condition of the ramp, the Hospital's knowledge was not a ground on which the trial court could base its summary judgment ruling because it was not expressly presented to the trial court as a basis for summary judgment. *See* Tex. R. Civ. P. 166a(c); *ExxonMobil Corp. v. Lazy R Ranch, LP*, 511 S.W.3d 538, 545–46 (Tex. 2017). In any event, the Hospital's knowledge of a slippery condition on the surface of the ramp does not raise a genuine issue of material fact on whether the condition was concealed. If anything, this evidence tends to show that the surface condition of the ramp was a pre-existing condition. A premises owner has no duty to warn or make safe a pre-existing condition that is open and obvious. *See General Elec. Co. v. Moritz*, 257 S.W.3d 211, 215–16 (Tex. 2008) (holding that premises owner had no duty to warn delivery driver "that the ramp he had been using for more than a year had no handrails"); *Lopez v. Ensign U.S. So. Drilling, LLC*, 524 S.W.3d 836, 848 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (affirming summary judgment when evidence established that gap in handrail on stairway frequently used by independent contractor "existed the entire time [the independent contractor] was working and was not concealed"). Accepting Jordan's proffered evidence of the Hospital's knowledge of the surface condition of the ramp as competent, admissible evidence regarding whether the condition was concealed at the time of Jordan's fall, that evidence does not raise a fact issue precluding summary judgment for the Hospital on the basis that the surface condition of the ramp was open and obvious.

Having concluded that the trial court did not err in granting the Hospital's summary judgment motion, we overrule Jordan's issues.

11

## IV. Conclusion

We overrule Jordan's issues and affirm the trial court's judgment.


/s/     Ken Wise
         Justice


Panel consists of Justices Jamison, Busby, and Wise.